1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8 | ROBERT LARAMIE GOMES,

9 |                Plaintiff,

10 |    v.

11 | YAKIMA POLICE DEPARTMENT,

12 |            Defendant.

CASE NO. 2:23-cv-00505-TL-BAT

**REPORT AND
RECOMMENDATION**

13       Plaintiff, Robert Laramie Gomes, a detainee at the Clallam Bay Corrections Center, filed

14 a *pro se* civil rights complaint alleging Yakima Police Department Officers in 2017 violated his

15 civil rights under 42 U.S.C. § 1983. Plaintiff submitted the complaint without paying the filing

16 fee or seeking leave to proceed *in forma pauperis* (IFP)*. See* Dkt.1.

17       The Court is required to screen complaints filed by detainees such as Plaintiff under 28

18 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1)

19 frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

20 monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* §

21 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

22       The Court has reviewed the complaint and recommends it be dismissed with prejudice

23 because (1) the alleged violations occurred in 2017 and are thus barred by the statute of

limitations applicable to § 1983 actions; (2) Plaintiff was aware of the alleged acts as he filed a similar complaint in 2020 in the Eastern District of Washington; (3) the alleged claims appear to be barred under *Heck v.* Humphry; and (4) Venue does not properly lie in the Western District of Washington because all alleged acts occurred in the Eastern District of Washington, and all Defendants reside in the Eastern District of Washington. Dismissal rather than transfer of the complaint to the Eastern District of Washington is appropriate because the claims are time barred.

The Court further recommends the complaint be dismissed immediately and that leave to amend the complaint be denied because no amendment will alter the fact the alleged violations are barred by the statute of limitations. Finally, if the Court adopts the recommendation the case be dismissed, it is also recommended that the Court strike as moot Plaintiff's failure to pay the filing fee or apply to proceed IFP.

## DISCUSSION

### A.     Plaintiff's Complaint

Plaintiff's complaint names the Yakima Police Department as the sole Defendant. Dkt. 1 at 2.  Count I of the complaint alleges "Chokehold Force was used . . . then woke up with Officer grinding his knee in my back . . . Police Misconduct." *Id.* at 4.  In support, Plaintiff avers that on October 27, 2017, in Yakima, police officers rushed, punched and used a chokehold on Plaintiff while he was holding his child. An officer placed his knee on Plaintiff's back causing a back injury.

Plaintiff alleges in Count II the "Police Department used publicity to slander my name and lie to poise name for unjust trial." *Id.* at 6. In specific, Plaintiff claims "the Police Department lied to the public . . . about how I used my 2 ½ month old daughter as a human

1    shield. Their slander poisoned my venue and put frivolous slander inside my babies' mother

2    heard in order to have her testify against me."

3        In count III, Plaintiff alleges "Tampering with evidence." *Id.* at 8. Plaintiff claims there is

4    "Coban"[1] police video evidence showing Plaintiff's mental health breakdown; how Plaintiff did

5    not use his daughter as a human shield; and Plaintiff's attempts to negotiate with the Yakima

6    Police Officers. *Id.* Plaintiff contends the discovery provided in his criminal case even mentioned

7    the Coban police video. Plaintiff submits the Coban video was vital evidence, and he was

8    "robbed of that constitutional right"; additionally, he claims that some of his jewelry is missing.

9        As relief Plaintiff seeks "punitive damages for physical and emotional damages, for all

10    medical bills regarding physical and emotional damages and for my name to be cleared with the

11    same publicity as was used to slander it." *Id*. at 9.

12    **B.    Section 1983 Statute of Limitations**

13        Plaintiff has filed a complaint under 42 U.S.C. § 1983. Section 1983 contains no statute of

14    limitations, and the Court thus applies the applicable state statute of limitations for the

15    jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In

16    Washington State, the three-year limitations period for any other injury to the person or rights of

17    another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*. Federal law determines

18    when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim

19    accrues when the plaintiff knows or has reason to know of the injury which is the basis of the

20    action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d

21    1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992).  To determine when a claim

22    accrues, the federal court thus focuses on the time-period in which the complained of acts

23

[1] Coban is a company that makes digital recording equipment used by law enforcement.

REPORT AND RECOMMENDATION - 3

1    occurred, not on the time period in which the consequences of the acts became most painful.

2    *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

3         Plaintiff alleges Defendants violated his rights on October 27, 2017. He obviously knew

4    about these acts in 2017 because he alleges Defendants used excessive force when they arrested

5    him at his home in Yakima and made false claims that he used his child as a human shield that

6    prejudiced his criminal trial. He further alleges his state criminal trial was tainted apparently

7    because Coban video evidence, mentioned in the discovery he received, was not presented at

8    trial. The alleged acts all accrued in 2017 and thus all fall far outside the § 1983 limitations;

9    Plaintiff's claims are thus time-barred and should be dismissed.

10        Because the complaint was filed outside of the statute of limitations, the Court has

11   considered whether there are grounds to equitably toll the limitations period. The Court also

12   applies Washington State law regarding equitable tolling for § 1983 actions. *Jones v. Blanas*, 393

13   F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice

14   requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are

15   bad faith, deception, or false assurances by the defendant and the exercise of diligence by the

16   plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly and should not

17   extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657,

18   667 (2001) (internal quotations omitted).

19         Here, there are no grounds to equitably toll the statute of limitations. Plaintiff alleges

20   Defendants violated his rights by using excessive force when arresting him and then maligning

21   his good name by claiming he used his child as a human shield. Plaintiff also complains about a

22   police video that was mentioned in his criminal discovery. As noted above, these are allegations

23   that Plaintiff plainly and obviously knew about on the day they occurred, October 27, 2017, or as

REPORT AND RECOMMENDATION - 4

his criminal charges proceeded to trial. As Plaintiff could have but failed to file the complaint within the three-year limitations period, he has failed to exercise due diligence which is one of the predicates required to establish equitable tolling. That Plaintiff knew about the alleged acts and could have timely filed a § 1983 complaint is also evidenced by the fact Plaintiff filed a similar complaint in the Eastern District of Washington on June 19, 2020. *See Gomes v. County of Yakima (Yakima Police Dept),* 20-cv-3085-SMJ. In this complaint, Plaintiff similarly alleged Yakima police punched him and used a choke hold when the arrested him on October 27, 2017. Plaintiff also alleged there was a police video recording that proves his allegations and the police slandered Plaintiff's reputation by claiming he used his child as a shield.

The Court accordingly concludes Plaintiff's § 1983 was filed outside of the statute of limitations, there are no grounds to equitably toll the limitations period, and the case should be dismissed with prejudice as time barred.

## C.    The Complaint is barred under *Heck v. Humphry*

Plaintiff's claims the police slandered him to make the mother of his daughter testify against him and he was also denied a fair trial because of the manner in which the Coban video evidence was handled. The allegations suggest the complaint is barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The complaint indicates Plaintiff's arrest in October 2017 led to criminal charges and a conviction. However, a civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which

section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996). The § 1983 action "is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff alleges Defendants' actions of slandering his name and the way the Coban video evidence was handled let to an unfair trial. Plaintiff cannot pursue this § 1983 action unless his convictions have been reversed or vacated. affirmed.

**D.      Venue does not lie in this District**

This complaint is also not filed in the proper federal district. All Defendants named in the complaint appear to reside in Yakima, which sits in the Eastern District of Washington. All acts appear to have allegedly occurred in Yakima. The nature of the allegations and the named Defendants suggest the complaint revolves around an arrest and criminal charges that occurred in Yakima. Federal civil actions may be brought in the judicial district where the Defendant resides or the judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b)(1) and (b)(2). As all defendants reside in Yakima and all alleged acts occurred in that city, venue properly lies in the Eastern District of Washington.

When a complaint is filed in the wrong district, the Court shall either dismiss it, or in the interest of justice, transfers the matter to the proper district. 28 U.S.C. 1406(a). The interest of justice will not be served by transferring this case to the Eastern District of Washington because the claims alleged are barred by the statute of limitations. This case should thus be dismissed rather than transferred to the proper district.

REPORT AND RECOMMENDATION - 6

**E.     Dismissal Without Leave to Amend**

Because Plaintiff proceeds *pro se,* the Court has considered whether he should be granted leave to amend the complaint. The Court may on its own dismiss a complaint where the untimeliness of the complaint is obvious from the face of the pleadings or from the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984). Here dismissal is appropriate because the complaint plainly and unambiguously alleges acts which fall outside the statute of limitations, or which are barred under *Heck*.

The untimeliness of the complaint precludes leave to amend. The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a pro se complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Here, no amendment can cure the fact the complaint is barred by the statute of limitations and should thus be dismissed at this juncture. *See e.g., Eggers v. U.S.*, 368 Fed. Appx 805 (9th Cir. 2010) (District court's dismissal of § 1983 claims as time-barred and without leave to amend upheld because further amendment would be futile). Accordingly, it is recommended the case be dismissed at this juncture.

**CONCLUSION**

In sum, the Court recommends dismissing the complaint as time-barred and potentially *Heck* barred. No equitable grounds exist to permit the complaint to go forward, and no amendment of the complaint would cure the fact the complaint was filed far outside the statute of limitations. The Court should also not transfer the case due to the untimeliness of the action.

If the Court adopts the recommendation to dismiss the case, it is further recommended the Court strike as moot Plaintiff's failure to pay the filing fee or to submit an IFP application.

### OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 19, 2023.** The Clerk should note the matter for **April 21, 2023.** as ready for the District Judge's. The failure to timely object may affect the right to appeal.

DATED this 5th day of April, 2023.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8